## NEW YORK REAL-ESTATE & BLDG. IMP. CO. *v.* MOTLEY.

*(City Court of New York, General Term.* November 16, 1891.)

RENT—DESTRUCTION OF PREMISES—EVIDENCE.

A lease provided that, if the premises should be damaged by fire or otherwise, the lessee should continue to pay only for such portion of them as he could reasonably occupy; but that, if they became so damaged as to require rebuilding, the lease should thereupon determine, and the premises be surrendered. In an action for rent under this lease, there was evidence that portions of the building had been totally wrecked by fire, and that the whole was uninhabitable until repaired. *Held*, it was a question for the jury whether there was an eviction, or whether the lessee was warranted in surrendering the premises.

Appeal from trial term.

Action by the New York Real-Estate & Building Improvement Company against Thornton N. Motley for rent. The court directed a verdict for plaintiff, and from the judgment thereon defendant appeals. Judgment reversed.

Argued before VAN WYCK, FITZSIMONS, and NEWBURGHER, JJ.

*Donohue, Newcombe & Cardoza*, for appellant.   *N. B. Sonborn*, for respondent.

NEWBURGHER, J.   On the 19th day of February, 1887, the plaintiff let to the defendant, by a written lease, the basement, cellar, first or store floor, and the second floor, of the building known as No. 26 Liberty street, in this city, for the term of five years from the 1st day of May, 1887, at the yearly rental of $3,750, payable monthly in advance, and said lease contained the following clause: "And it is further agreed, by and between the parties hereto, that if, without fault, neglect, or improper conduct of the party of the second

v.16 N.Y.s.no.4—14

part, his agents, servants, or tenants, the premises hereby leased or the building shall be damaged by fire, the elements, or otherwise, the party of the second part shall continue to pay only for such portion of the leased premises as he can reasonably occupy, during the time required to make the necessary repairs; but if the building shall be so damaged or destroyed as, in the judgment of the parties of the first part, to require to be rebuilt, then, from the time of the happening of said events or either of them, this lease, and the term hereof, shall wholly end and determine, and the premises be vacated and fully surrendered, and the rent shall be paid up to such time." The defendant took possession of the premises, and continued therein, until the 5th day of January, 1890, when a fire occurred; that by reason of said fire the defendant claims that the premises became uninhabitable, and that he surrendered the lease, and vacated the building. On the trial, the plaintiff conceded the affirmative to the defendant. A number of witnesses were called, including members of the fire department, who testified that portions of the building were a complete wreck, and it was also admitted by plaintiff, from the 4th day of January, 1890, until the premises in question were repaired, they were not in a fit condition to be inhabited to do business in. At the conclusion of defendant's testimony, plaintiff moved for a direction by the court, while defendant asked leave to go to the jury upon the ground that there was sufficient evidence upon the question of eviction; also upon the ground that there was sufficient evidence to warrant the defendant in asking the permission of the court to proceed with the trial, upon the testimony that the premises were so damaged as to warrant the defendant in surrendering possession of them, and in refusing to pay rent by reason of the result produced by the fire. The trial justice granted the motion for a direction in favor of the plaintiff, and denied the application of defendant for leave to go to the jury. To this defendant duly excepted. The trial justice erred. There was sufficient evidence to have submitted to the jury as to whether there was an eviction by reason of the condition of the building, or whether the premises were in such a condition as to warrant the defendant in surrendering possession thereof. Without considering any of the other questions, we think, for the reasons above stated, the judgment should be reversed, and a new trial granted, with costs to abide event. All concur.